UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES DINEEN )<br>    **Plaintiff** )<br> )<br>v. )<br> )<br> )<br>CENTRAL PORTFOLIO CONTROL, INC. )<br>    **Defendant** )<br> ) | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br><br>JUNE 19, 2009 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant debt collector. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II. PARTIES

2. Plaintiff, James Dineen, is a consumer residing in Tolland, Connecticut.

3. Defendant, Central Portfolio Control, Inc. ("CPC"), is a Minnesota Corporation and is licensed with the Connecticut Department of Banking as a consumer collection agency.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over CPC because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Prior to March of 2008, Plaintiff was making payments to Bank of America through American Consumer Credit Counselors ("ACCC") in the amount of $334 per month.

8. Since that time, said account has been sold or assigned to various agencies for collection.

9. Plaintiff received at his residence a collection letter from CPC dated May 14, 2009.

10. On or around May 18, 2009, CPC telephoned Plaintiff's sister residence and spoke with her in an attempt to collect this debt from Plaintiff.

11. When Plaintiff's sister answered the phone, a CPC representative told her that CPC needed to speak with Plaintiff about a legal matter.

12. CPC was not a law firm and did not employ attorneys admitted to the Connecticut bar at the time of the aforementioned phone call, and litigation had not been commenced with respect to the account at issue at the time of said phone call.

13. Plaintiff's sister contacted Plaintiff that same day, and she told him about the call she had received, and Plaintiff became concerned that he had been sued with regard to the debt.

## V. CLAIMS FOR RELIEF

### CAUSE OF ACTION
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.**

14. Plaintiff incorporates Paragraphs 1-12.

15. CPC violated FDCPA § 1692e(10) when it told Plaintiff's sister that it needed to speak with Plaintiff about a legal matter, thereby creating the false impression that Plaintiff had been sued on the debt.

16. CPC violated FDCPA § 1692e(3) by giving Plaintiff's sister the false representation or implication that the CPC representative calling was an attorney or was communicating information from an attorney.

17. CPC violated FDCPA § 1692c(b) when it impermissibly communicated with Plaintiff's sister in collection of the debt.

18. CPC violated FDCPA § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

19. CPC violated FDCPA § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

20. For CPC's violations of the Fair Debt Collection Practices Act, including the manners described above, the Plaintiff is entitled to recover his actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFF, JAMES DINEEN

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457